## LUTHER J. FLETCHER *vs.* CITY OF LOWELL.

The mayor of a city has no authority, by virtue of his office, to employ counsel in behalf of the city, unless such authority is expressly given by the city charter or ordinances.

A vote of a city council, that a petition by a bridge corporation for a jury to assess dam ages for the laying out of their bridge as a town way be " referred to the mayor, with power to employ such counsel as may be deemed expedient," does not authorize the mayor to employ counsel to procure the passage by the legislature of a pending bill which might affect such damages.

A city solicitor, whose duty it is to commence and prosecute all suits brought by order of the city, and to appear in defence of all suits against the city, has no authority, without express vote or ordinance, to employ other counsel in behalf of the city to procure the passage by the legislature of a statute affecting a claim for damages against the city

ACTION OF CONTRACT by a counsellor at law to recover for professional services. At the trial in the court of common pleas in Middlesex at March term 1859, the plaintiff introduced evi- dence of the following facts :

In the spring of 1857, a bill concerning the Central Bridge Corporation and the city of Lowell was pending in the legisla- ture, which was afterwards passed as the *St.* of 1857, *c.* 205. The bill was defeated at one stage ; and while a reconsideration was pending, the plaintiff, at the request of the mayor, and of the city solicitor, acting by direction of the mayor, who consid- ered the passage of the act important to the city, had interviews with members of the legislature, and suggested to them facts and arguments in favor of the bill. Proceedings had been pre- viously instituted, which were not yet determined, by the Cen- tral Bridge Corporation, to recover damages against the city for taking their bridge for a town way, upon which a sheriff's jury had been ordered by the county commissioners, and did not

return a verdict until after the performance of the services sued
for.   See *Central Bridge* v. *Lowell, post,* 106.

On the 9th of December 1856 the city council had voted that
the petition of the Central Bridge Corporation for a jury be
" referred to the mayor, with power to employ such counsel as
may be deemed expedient."

By the city charter, " the mayor of the city shall be the chief
executive officer of said corporation," and " shall be vigilant and
active at all times in causing the laws for the government of
said city to be duly executed and put in force, shall inspect the
conduct of all subordinate officers in the government thereof,
and, as far as in his power, cause all negligence, carelessness
and violation of duty to be duly prosecuted and punished."
*St.* 1838, *c.* 128, § 6.   The material provisions of the city ordi-
nances are copied in the margin.*

*Perkins,* J. ruled that this evidence was not sufficient to
warrant the jury in finding that either the mayor or the city
solicitor was authorized to employ the plaintiff to perform the
services for which he claimed compensation in this action.   A

---

* " No money shall be paid out of the city treasury, except upon the joint
resolution of the city council, or upon the written order of the mayor, addressed
to the treasurer, and countersigned by the auditor, with the consent and ap-
probation of the committee on accounts," with certain exceptions not material
to be here stated.   " No bill or claim against the city, other than judgments of
the judicial courts, shall be allowed or passed by the committee on accounts,
unless such bill or claim shall be approved or certified by some agent, officer or
committee authorized on behalf of the city to make the contract or cause the
expenditure to be incurred; or unless such expenditure be expressly required
by some specified vote of the council."   " It shall be the duty of the city solici-
tor to commence and prosecute all suits that may be brought by the order of
the city, for or on account of any estate, claim, rights, privilege or demand
of the city; also to appear in defence against all actions and suits against the
city or its officers in their official capacity, wherein the rights, estate, privileges,
ordinances or acts of the city, or any breach thereof, may be brought in ques-
tion before any court in this Commonwealth; and shall do all and every other
professional act which may be required of him by the city government, the
mayor, or by any committee of the city council, or by any order or rule of
the city council, or either branch thereof."   Revised Ordinances of Lowell of
1854, *c.* 1, §§ 4, 5; *c.* 9, § 1.

verdict was taken for the defendant, and the plaintiff alleged exceptions.

*D. S. Richardson*, for the plaintiff.

*T. H. Sweetser*, for the defendant.

BIGELOW, J. There is nothing in the several acts incorporating the city of Lowell, or in the ordinances and by-laws of the city, which confers any authority on the mayor to employ counsel in behalf of the city. Such authority must be expressly conferred, and does not exist in the mayor by reason of the general duties and powers conferred on him by law. *Butler* v. *Charlestown*, 7 Gray, 12.

The vote of the mayor and aldermen and common council, on which the plaintiff relies, only authorized the employment of counsel in the suit then commenced against the city by the Central Bridge Corporation for damages. This conferred on the mayor full power to retain counsel for the purpose of procuring evidence, preparing the case for trial, and for doing every act usual and proper in the conduct and management of the suit in all its stages. But it cannot be held to include an authority to procure the services of an attorney for the sole purpose of obtaining the passage of an act through the legislature, designed to diminish the claim for damages against the city ; because such services in the conduct of a suit at law were not only unusual and extraordinary, but of themselves of questionable legality, as being contrary to public policy, and could not have been contemplated by the government of the city in passing the vote by which authority was conferred on the mayor.

We do not see that the city solicitor had any more ample powers, either under the city ordinances or the mayor's directions, than the mayor himself had, to employ the plaintiff to render the services for which he seeks to recover compensation in this action.　　　　　　　　　　　　　*Exceptions overruled.*